11-1774
Fried v. Lehman Bros. Real Estate Associates III, L.P.

UNITED STATES COURT OF APPEALS
FOR THE SECOND CIRCUIT

**SUMMARY ORDER**

**Rulings by summary order do not have precedential effect. Citation to a summary order filed on or after January 1, 2007, is permitted and is governed by Federal Rule of Appellate Procedure 32.1 and this court's Local Rule 32.1.1. When citing a summary order in a document filed with this court, a party must cite either the Federal Appendix or an electronic database (with the notation "summary order"). A party citing a summary order must serve a copy of it on any party not represented by counsel.**

At a stated Term of the United States Court of Appeals for the Second Circuit, held at the Daniel Patrick Moynihan United States Courthouse, at 500 Pearl Street, in the City of New York, on the 20th day of December, two thousand twelve.

Present:   ROBERT A. KATZMANN,
           BARRINGTON D. PARKER,
           RICHARD C. WESLEY,
                    *Circuit Judges.*

_____

BARBARA J. FRIED, MARK FRIED ALTITUDE PARTNERS, LLC, RICHARD D. MALTZMAN, as Trustee for the Richard D. & Charlene Maltzman Family Trust U/A/D 3/23/88, JEFFOREED PARTNERS, L.P., ZELFAM LLC, on behalf of limited partners listed on Annex A., B. MARK FRIED, ALTITUDE PARTNERS, LLC, JEFFOREED MANAGEMENT COMPANY INC., ALEX KHOWAYLO, BARRY ARONOFF, BILL NEWLIN, BILL SCHNUHL, BUKFENC LLC, CATLIN FAMILY TRUST, CHARCO VENTURES, L.P., DANIEL R PFAU, ELISABETH S. PFAU, DREW PERKINS TRUST U/A/D 12/21/99, ELI BARKAT HOLDING LTD., ERIK SCULTE, FRANK KEENER, FRANK RUTAN, GEORGE EVANS, GSB HOLDING, INC., IRACINI L.P., JAMES J. VAN STONE, SUSAN E. VAN STONE, JAMES R. DOUGLAS, MARGARET W. DOUGLAS, JEFF MOSTER, JOHN ARGUE, JEFFREY HECKTMAN TRUST, JOHN DRAGHI, JOHN ROSEKRANZ, KAREN A. UBELHART, LOUISE E. COHEN, MARTIN BURGER, MICHAEL & DIANE BRANON REVOCABLE TRUST, MICHAEL SHER, BILLIE GELB, NIR BARKAT HOLDING LTD., PAUL DEKTOR, PEACHBLOW PARTNERS, L.P., PROVIDENT HOLDINGS, INC., PSERD TRUST, RFLP GROUP, LLC, RICHARD LANDGARTEN, ROBERT T. FRALEY TRUST, ROSS C. HARTLEY, RUSSELL AND JUDITH FRADIN, TIC, SANFORD H. ROBBINS, SHLOMO SHMELZER, ATALYA SHMELZER, SIMON FAMILY INVESTMENT PARTNERSHIP, STEPHANIE BORYNACK, STEPHEN GUERINO, KATHLEEN GUERINO, STEVEN HOLDER, TAD LOWREY, THE GOLD/SHERMAN-GOLD FAMILY TRUST, THOMAS G. MACEY, THREE HORSE INVESTMENTS, VAHID MANIAN, WAITE FAMILY TRUST, WILLIAM C. SCOTT, JULIEN DE SLABERRY, GLICKENHAUS AND

CO., REAL ESTATE PRIVATE EQUITY, INC.,

*Plaintiffs*,

and

ALAN GERBER LEWIS MARITAL IRR. TRUST, RICHARD SHUSTER, RICKEL
SHUSTER,

*Plaintiffs-Appellants*,

- v -                                              No. 11-1774-cv

LEHMAN BROTHERS REAL ESTATE ASSOCIATES III, L.P., LEHMAN BROTHERS
PRIVATE EQUITY ADVISERS, LLC, MARK A. WALSH, MARK H. NEWMAN, BRETT
BOSSUNG, MICHAEL J. ODRICH, CHRISTOPHER M. O'MEARA, RICHARD S. FULD,
JR., JOSEPH M. GREGORY, ERIN CALLAN, IAN LOWITT, THOMAS RUSSO, DOES 1
THROUGH 50, REAL ESTATE PRIVATE EQUITY, INC., SILVERPEAK REAL ESTATE
PARTNERS L.P., REPE CP MANAGECO LLC,

*Defendants-Appellees.*

| | |
|---|---|
| For Plaintiffs-Appellants: | ROBERT TED PARKER, Parker Law Firm, Orinda, CA (Arthur Russell, New York, NY, *on the brief*). |
| For Defendants-Appellees: | JONATHAN D. POLKES, Weil, Gotshal & Manges LLP, New York, NY (William A. Burck, Robert V. Spake, Jr., and Adam B. Banks, Weil, Gotshal & Manges LLP, New York, NY, *for Defendants-Appellees Lehman Brothers Real Estate Associates III, L.P., Lehman Brothers Private Equity Advisers, LLC, and Real Estate Private Equity, Inc.*; Richard A. Rosen, Paul, Weiss, Rifkind, Wharton & Garrison LLP, New York, NY, *for Defendants-Appellees Mark A. Walsh, Mark H. Newman, Brett Bossung, Silverpeak Real Estate Partners, L.P., and REPE CP ManageCo, LLC*; Patricia M. Hynes and Todd. S. Fishman, Allen & Overy, LLP, New York, NY, *for Defendant-Appellee Richard S. Fuld, Jr.*; Michael J. Chepiga and Mary Elizabeth McGarry, Simpson Thacher & Bartlett LLP, New York, NY, *for Defendants-Appellees Michael J. Odrich, Christopher M. O'Meara, and Thomas Russo*; Martin J. Auerbach, New York, NY, *for Defendant-Appellee Ian Lowitt*; Robert J. Cleary, Dietrich L. Snell, Mark E. Davidson, and Seth D. Fier, Proskauer Rose LLP, New York, NY, *for Defendant-Appellee* |

2

*Erin Callan*; Israel David and Audrey Strauss, Fried Frank Harris Shriver & Jacobson LLP, New York, NY, *for Defendant-Appellee Joseph M. Gregory*, *on the brief*) *for Defendants-Appellees Lehman Brothers Real Estate Associates III, L.P., Lehman Brothers Private Equity Advisers, LLC, and Real Estate Private Equity, Inc.*

Appeal from the United States District Court for the Southern District of New York (Jones, *J.*).

**ON CONSIDERATION WHEREOF, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED** that the judgment of the district court be and hereby is **AFFIRMED**.

Plaintiffs-Appellants Alan Gerber Lewis Marital Irrevocable Trust and Richard and Rickel Shuster (collectively, "plaintiffs") appeal from a March 29, 2011, memorandum and order of the United States District Court for the Southern District of New York (Jones, *J.*) dismissing their case in its entirety for failure to state a claim upon which relief may be granted. The plaintiffs are limited partners in one or more of four real estate investment partnerships: Lehman Brothers Real Estate Partners III, L.P.; Lehman Brothers Real Estate Fund III, L.P.; Lehman Brothers Offshore Real Estate Fund III; and Lehman Brothers Real Estate Capital Partners III (collectively, the "Partnerships"). The defendants, affiliates of Lehman Brothers Holdings Inc. (collectively, "Lehman"), formed the Partnerships on June 25, 2007, for the purpose of investing in commercial real estate both domestically and abroad. The plaintiffs allege that the defendants knowingly or recklessly omitted material information in connection with the sale of the limited partnerships to the plaintiffs, causing the plaintiffs to rely on the omission and consequently to suffer economic loss. We assume the parties' familiarity with the underlying facts and procedural history of the case.

3

The plaintiffs principally contend that they have alleged sufficient facts to support a claim of securities fraud pursuant to Section 10(b) of the Securities and Exchange Act of 1934, 15 U.S.C. § 78j(b), and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5(b).  More specifically, the plaintiffs contend that the complaint alleges sufficient facts to support a claim that the defendants knew or should have known (1) that certain property interests being held by Lehman for sale to the Partnerships had depreciated in value since their acquisition by Lehman and (2) that the Partnerships' purchase of those property interests at the prices paid by Lehman plus carrying costs would consequently cause the Partnerships to incur immediate losses.

The district court held that the plaintiffs did not allege sufficient facts to support an allegation of scienter.  With respect to the element of scienter, the Public Securities Litigation Reform Act provides:

> [I]n any private action arising under this chapter in which the plaintiff may recover money damages only on proof that the defendant acted with a particular state of mind, the complaint shall, with respect to each act or omission alleged to violate this chapter, state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind.

15 U.S.C. § 78u-4(b)(2)(A).  "To meet the 'strong inference' standard, it is not sufficient to set out 'facts from which, if true, a reasonable person *could* infer that the defendant acted with the required intent,' for that gauge 'does not capture the stricter demand Congress sought to convey . . . .'" *S. Cherry St., LLC v. Hennessee Grp. LLC*, 573 F.3d 98, 110-11 (2d Cir. 2009) (emphasis in original) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 314 (2007)).  Instead, "[t]o qualify as 'strong' within the intendment of § 21D(b)(2) . . . an inference of scienter must be more than merely plausible or reasonable—it must be cogent and at least as compelling as any opposing inference of nonfraudulent intent." *Tellabs*, 551 U.S. at 314.

4

It is undisputed that the presence or absence of scienter on the part of the defendants is determined with respect to the date that the plaintiffs committed to invest in the Partnerships. *See Vacold LLC v. Cerami*, 545 F.3d 114, 122 (2d Cir. 2008). The plaintiffs argue that they committed to invest in May 2008; the defendants argue that the plaintiffs committed to invest on November 30, 2007. Neither party points to record support indicating when the Alan Gerber Lewis Marital Irrevocable Trust or Richard and Rickel Shuster committed to invest in the Partnerships. However, the complaint states that some of the plaintiffs made that commitment as late as February of 2008. We consequently consider whether the complaint alleges sufficient facts to give rise to a strong inference of scienter on the part of the defendants on or before February 29, 2008.

We must determine whether the entire collection of facts alleged gives rise to a strong inference of scienter as of that date. *Tellabs*, 551 U.S. at 322-23. The complaint alleges that (1) during a November 2007, presentation to Lehman Chairman and CEO Richard Fuld, Lehman's commercial real estate group recommended reducing its global balance sheet by $15 billion; (2) a preliminary and unaudited table attached to Lehman's Securities and Exchange Commission Form 8-K indicated that Lehman's portfolio of "[r]eal estate held for sale" had incurred $300 million in both gross and net losses in the three months ending on February 29, 2008; (3) the defendants did not form an Investor Advisory Committee for any of the Partnerships until after May 28, 2008, when the Partnerships acquired the property interests at issue; and (4) the defendants failed to issue a required financial report to the limited partners for the second quarter of 2008. The district court correctly held that, in light of the entire complaint

and the incorporated documents, these allegations are insufficient to support a strong inference of scienter.

The plaintiffs principally rely on the table titled "Lehman Brothers Holdings Inc. Mark to Market Adjustments Gain/(Loss) (Preliminary and Unaudited)" included in a press release attached to Lehman's S.E.C. Form 8-K quarterly report. Specifically, they rely on the fact that the line item in the table for "[r]eal estate held for sale" shows a gross loss and a net loss of $300 million for the three months ending on February 29, 2008, and again for the three months ending on May 31, 2008. However, even if we assume, as the plaintiffs do, that the property interests being held for sale to the Partnerships were included within the category of Lehman's "[r]eal estate held for sale," the table does not give rise to a strong inference that the defendants knew that those *particular* property interests had depreciated in value. The table does not address specific properties or groups of property, and it does not indicate whether the losses were evenly distributed across the category of "[r]eal estate held for sale."

By contrast, other contemporaneous documents attached to the complaint address the particular property interests bound for the Partnerships, and those documents support the inference that the defendants did not think that the property interests had depreciated in value. An internal Lehman document lists the appreciation or depreciation of each of the Partnership-bound investments and indicates that as of December 31, 2007, the investments, in aggregate, had appreciated $300,000 in value since their acquisition. A second internal Lehman document comprises line items indicating the increase, decrease, or lack of change in value of each of the Partnership investments as of June 30, 2008. The June 2008 document indicates that the investments, in aggregate, had increased in net value by 2.4% relative to their acquisition prices.

6

The plaintiffs argue that the figures in the June 2008 document reflect only changes in discount rates and not an attempt to calculate the "fair value" of the property interests. However, the "Comments" in the document, which explain the valuation of each property interest, refer to factors other than discount rate adjustments; moreover, the document refers multiple times to the calculation of "fair value." The plaintiffs also argue that the June 2008 figures are implausible because the appreciation in value that they document is inconsistent with real estate indicators worldwide from the same time period. However, those real estate indicators do not address the particular property interests at issue in this case. The plaintiffs do not successfully undermine the strong inference arising from the December 2007 and June 2008 internal documents that as of February 29, 2008, the defendants did not believe that the property interests being held for transfer to the Partnerships (as opposed to the general category of "[r]eal estate held for sale") had depreciated in value.

The remainder of the allegations asserted by the plaintiffs do not substantially increase the strength of the inference of scienter on the part of the defendants. First, with respect to the November 2007 presentation to Fuld, the plaintiffs do not allege facts specifying whether the recommendation to reduce the commercial real estate group's global balance sheet was a suggestion to mark down the value of properties on the balance sheet or to reduce the balance sheet by other means, such as by disposing of some of the investments. Even if we assume that the recommendation was to mark down the value of the properties on the balance sheet, the plaintiffs do not allege facts indicating that the recommendation referred to the particular property interests bound for the Partnerships.

Second, with respect to the defendants' failure to appoint an Investor Advisory Committee for any of the Partnerships until after May 28, 2008, the date that the property interests at issue were transferred to the Partnerships, this allegation does not carry much weight. The partnership agreements contained no deadline for the appointment of the Investor Advisory Committees. Moreover, the partnership agreements did not require the defendants to consult with the Investor Advisory Committees regarding purchases of property interests from Lehman. Consequently, even if the Committees had already been appointed, the defendants could have entirely avoided the Committees' participation in the May 28, 2008, transaction.

Finally, with respect to the defendants' failure to prepare and mail a financial report for the second financial quarter of 2008, the plaintiffs do not make clear how the failure to issue financial statements required by August 29, 2008, demonstrates that as of February 29, 2008, the defendants knew that the properties had depreciated in value. All of the plaintiffs had already committed to the funds by the end of February 2008; the failure to issue the report months later was not a ploy to induce investment. Moreover, the failure to issue the report only delayed the inevitable disclosure of the information in a later report. The plaintiffs do not explain how the defendants would benefit from such a delay.

Considering the complaint in its entirety, we hold that the plaintiffs have not alleged facts sufficient to support a strong inference of scienter on the part of the defendants. Because the claims against the institutional defendants fail here, the claims against the individual defendants fail as well. *See SEC v. First Jersey Sec., Inc.*, 101 F.3d 1450, 1472 (2d Cir. 1996) ("In order to establish a prima facie case of controlling-person liability, a plaintiff must show a primary violation by the controlled person . . . .").

8

We have considered the appellants' remaining arguments and find them to be without merit. For the reasons stated herein, the judgment of the district court is **AFFIRMED**.


FOR THE COURT:
CATHERINE O'HAGAN WOLFE, CLERK